


LODGED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

AIRTRAC, INC., CLARENCE FRIEND, and CHRISTOPHER BRYAN,

Defendants.

Case No.: SACV 06-0582-JVS (RNBx)

**[PROPOSED] REVISED FINAL JUDGMENT OF PERMANENT INJUNCTION, DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTIES AGAINST DEFENDANTS AIRTRAC, INC. AND CLARENCE FRIEND**

Date: December 17, 2007
Time: 1:30 p.m.
Place: Courtroom10 C
Ronald Reagan Federal Bldg.& Courthouse
411 West 4th Street
Santa Ana, CA 92701

The Motion of Plaintiff, Securities and Exchange Commission ("Commission"), pursuant to Rule 56, Fed. R. Civ. P., for Summary Judgment in favor of the Commission and against Defendant AirTrac, Inc. ("AirTrac") and Clarence Friend ("Friend") came before the Court for hearing on December 17, 2007. The Court, having considered the Commission's Motion, the Memorandum of Points and Authorities, the Declarations including Exhibits relating thereto, the Statement of Uncontroverted Facts and Conclusions of Law, and other documents filed in support of the motion, all documents filed in opposition to the Motion and all other evidence and argument presented regarding the motion, finds that:

I.

IT IS HEREBY ORDERED that the Commission's Motion for Summary Judgment against AirTrac and Friend is GRANTED.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that AirTrac and Friend and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that AirTrac and Friend and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that AirTrac and Friend and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final

Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Friend and his agents, servants, employees, attorneys, and all persons in active concert or participated with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), by, directly or indirectly, in the absence of any applicable exemption, engaging in the business of a broker or a dealer by making use of the mails or any means or instrumentality of interstate commerce to induce the purchase or sale of, any security (in the absence of an applicable exemption), without being associated with a broker-dealer that has been registered with the Commission.

VI.

IT IS FURTHER ORDERED that AirTrac shall be liable for disgorgement of $1,759,542.28, representing proceeds gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of

$115,859.70, and a third-tier civil penalty in the amount of $130,000.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). AirTrac shall receive a credit for any sums paid by Friend on his disgorgement and/or interest obligations. AirTrac shall satisfy this obligation by paying $2,005,401.98 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States Postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop O-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying AirTrac as a Defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. AirTrac shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. AirTrac shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.

VII.

IT IS FURTHER ORDERED that Friend shall be liable for disgorgement of $273,487.87, representing proceeds gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $18,008.22, and a third-tier civil penalty in the amount of $130,000.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Friend shall receive a credit for any sums paid by AirTrac on its disgorgement and/or interest obligations up to the amounts owed by Friend. Friend shall satisfy this obligation by paying $421,496.09 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States Postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of

Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop O-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Friend as a Defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. Friend shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. Friend shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and all orders and decrees which have been entered or may be entered herein, and to grant such other relief as the Court may deem necessary and just.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: December 31, 2007

James V. Selna
UNITED STATES DISTRICT JUDGE

Presented by:

12/18/2007

Molly M. White
Gregory C. Glynn
Attorneys for Plaintiff
Securities and Exchange Commission

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

[X] U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648 Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On December 18, 2007, I served the document entitled:

**[PROPOSED] REVISED FINAL JUDGMENT OF PERMANENT INJUNCTION, DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTIES AGAINST DEFENDANTS AIRTRAC, INC. AND CLARENCE FRIEND.**

on all the parties to this action addressed as stated on the attached service list:

[X] **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ] **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ] **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ] **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[ ] **ELECTRONIC MAIL:** By transmitting the document by electronic mail the electronic mail address as stated on the attached service list.

[X] **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X] **(Federal)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct.

Date: December 18, 2007

Gregory C. Glynn

**SEC v. AIRTRAC, INC., et al.**
**United States District Court – Central District of California**
**Case No. SACV 06-0582 JVS (RNBx)**
**(LA-3106)**

SERVICE LIST

Robert C. Rosen, Esq. (Also served by Facsimile)
John B. Wallace, Esq.
Rosen & Associates, P.C.
300 South Grand Avenue, Suite 2700
Los Angeles, California 90071

Telephone: (213) 362-1000
Facsimile: (213) 362-1001

E-Mail robertrosen@rosen-law.com
E-mail johnwallace@rosen-law.com

***Counsel for Defendants AirTrac, Inc. and Clarence Friend***